IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TAVUS BATTEY,

    Petitioner

VS.

Superintendent CRAWFORD, Warden,

    Respondent.

NO. 1: 09-CV-125 (WLS)

PROCEEDINGS UNDER 28 U.S.C. §2254
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

This is a habeas corpus action brought by the above-named petitioner under 28 U.S.C. §2254. Respondent Crawford has filed a motion seeking dismissal of this action on grounds that the petitioner has not exhausted the state remedies available to him as required by *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). (Doc. 8).

On January 15, 2008, the grand jury of Early County returned a true bill of indictment against Petitioner, charging him with armed robbery and aggravated assault. (Resp. Ex. 1). Petitioner pled guilty on September 29, 2008, to robbery as a lesser included offense of armed robbery, and the trial court sentenced Petitioner to a "split" sentence of twenty (20) years to serve 20 - 24 months in the probation detention center. (Resp. Ex. 1).

Petitioner filed something in the Superior Court of Early County which appears to be a motion for reconsideration of his guilty plea, but that was denied in an order dated July 15, 2009.

On or about August 5, 2009, petitioner executed this federal petition. Respondent moves to dismiss this petition for lack of exhaustion.

*Failure to Exhaust*

Respondent contends that the petition is premature as petitioner has failed to exhaust his

available state remedies.

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), (citing *Ex Parte Royall*, 117 U.S. 24l, 6 S.Ct. 734, 29 L.Ed. 868 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c). The requirement reflects a policy of comity between state and federal courts and is "an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408-409, 30 L.Ed.2d 418 (1971) (quoting *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963)).

The exhaustion requirement was also designed to minimize friction between the state and federal courts. It has also been emphasized that the federal claim "must be fairly presented to the state courts." *Picard v. Connor*, *supra*, 404 U.S. at 275, 92 S.Ct. at 512. Further, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Id*. at 275-76, 92 S.Ct. at 512.

The exhaustion requirement as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), now provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (1996).

Petitioner has the available remedy of a state habeas corpus petition. O.C.G.A. § 9-14-44. Petitioner states that he attempted to write the Clerk of Court in the county in which he is incarcerated to receive the proper forms to file a state habeas petition, but never received any forms. Other than the one motion for reconsideration he filed in the trial court after his guilty plea, the record is devoid of any other attempts petitioner made to appeal his guilty plea or to file any post collateral motions.

As petitioner still has remedies available to him under Georgia law to seek review in the form of a state habeas petition, this federal petition is premature and the issues presented are unexhausted. Therefore, it is the RECOMMENDATION of the undersigned that respondent's motion to dismiss be **GRANTED**, and that this petition be DISMISSED WITHOUT PREJUDICE.

Petitioner also requests an evidentiary hearing (Doc. 11); however, as his petition is unexhausted, it is further the RECOMMENDATION of the undersigned that his motion for an evidentiary hearing be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, WITHIN FOURTEEN (14) DAYS after being served with a copy.

SO RECOMMENDED, this 7th day of June, 2010.

S// Thomas Q. Langstaff
THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE

msd